IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| SOUTHERN ENVIRONMENTAL<br>LAW CENTER,<br><br>              Plaintiff,<br><br>v.<br><br>TENNESSEE VALLEY AUTHORITY,<br><br>              Defendant. | Case No. 3:24-cv-117 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Southern Environmental Law Center ("SELC") respectfully alleges as follows:

**NATURE OF THE ACTION**

1. This is a suit for declaratory and injunctive relief challenging the Defendant Tennessee Valley Authority's ("TVA") failure to timely respond to a request for public records under the Freedom of Information Act ("FOIA").

2. In February 2023, SELC requested records from TVA under FOIA relating to the Johnsonville Aeroderivative Combustion Turbine Project (the "Johnsonville Project") in Humphreys County, Tennessee, in which TVA proposed to build 10 gas-fired turbines to provide an additional 550 megawatts ("MW") of capacity to its system. In response to TVA's request for more clarity, SELC voluntarily narrowed this request to three specific categories of information in April 2023.

3. SELC submitted its FOIA request in an effort to better understand the rationale and decision-making process that resulted in TVA's adoption of the Johnsonville Project, including the agency's consideration of alternative energy resources.

4. TVA has failed to comply with statutory deadlines to produce documents in response to this request. Although TVA claims the request is "complete" based on its disclosure of documents in a separate lawsuit, the agency has never satisfied its obligations under FOIA to make a "determination" on SELC's request or to conduct an adequate search for responsive records. Therefore, SELC seeks declaratory and injunctive relief from this Court as provided under FOIA.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 5 U.S.C. § 552 (FOIA grant of jurisdiction), 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. §§ 2201, 2202 (authority to issue declaratory judgment and further necessary or proper relief).

6. Pursuant to 5 U.S.C. § 552(a)(6)(C)(i), SELC is "deemed to have exhausted [its] administrative remedies" because TVA has "fail[ed] to comply with the applicable time limit provisions" of FOIA.

7. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) because this is the district "in which the agency records are situated"; under 28 U.S.C. § 1391(b)(1) because this is the district in which TVA maintains its headquarters and principal place of business; and under 28 U.S.C. § 1391(b)(2) because this is the district "in which a substantial part of the events or omissions giving rise to the claim occurred."

## PARTIES

### Plaintiff Southern Environmental Law Center

8. Plaintiff Southern Environmental Law Center is a 501(c)(3), nonprofit public interest environmental legal organization with a focus on six Southeastern states.

9. SELC is a "person" within the definition provided by FOIA. *See* 5 U.S.C. § 551(2).

10. SELC uses public advocacy and the law to protect the people and the natural resources of the Southeast and, in particular, to gather, analyze, and disseminate public information about activities affecting human health and the environment. SELC disseminates information to the general public through its website, *southernenvironment.org*, which is updated regularly, as well as through press releases, media interviews, social media, and public comment letters. SELC attorneys also regularly attend and speak at public meetings and hearings throughout the region, informed by and sharing their analysis of public information.

11. SELC has submitted public comments on TVA's power generation plans throughout the Southeast on its own behalf and on behalf of other interested organizations. Among other topics, these comments have called for TVA to transition from a system that heavily relies on fossil fuels, especially gas as proposed in the Johnsonville Project, to a portfolio of clean energy resources. SELC is hampered in its efforts to effectively advocate on behalf of itself and organizations whose members are TVA ratepayers when the agency unlawfully delays access to public information like the records related to the Johnsonville Project.

**Defendant Tennessee Valley Authority**

12. Defendant Tennessee Valley Authority is a corporate agency and instrumentality of the United States created by and existing pursuant to the Tennessee Valley Authority Act of 1933 (the "TVA Act"). 16 U.S.C. § 831. The TVA Act provides that TVA "[m]ay sue or be sued in its corporate name." 16 U.S.C. § 831c(b).

13. TVA is an "agency" within the definition provided by FOIA. *See* 5 U.S.C. § 551(1).

14. TVA maintains its headquarters and FOIA office in Knoxville, Tennessee.

15. TVA has possession or control of the records at issue in this matter.

# LEGAL BACKGROUND

## Freedom of Information Act

16. The Freedom of Information Act reflects "a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." *Dep't of Air Force v. Rose*, 425 U.S. 352, 360–61 (1976) (internal quotation marks omitted) (quoting legislative history). FOIA "seeks to ensure that government officials are held accountable to an informed electorate," and "'[d]isclosure, not secrecy, is the dominant objective of the Act.'" *Schell v. U.S. Dep't of Health & Hum. Servs.*, 843 F.2d 933, 937 (6th Cir. 1988) (quoting *Rose*, 425 U.S. at 361).

17. "[T]he time provisions of the Act are central to its purpose." *Hayden v. U.S. Dep't of Just.*, 413 F. Supp. 1285, 1288 (D.D.C. 1976). FOIA requires federal agencies to "promptly" make non-exempt records available upon request. 5 U.S.C. § 552(a)(3)(A). Agencies must "determine . . . whether to comply" with a request within 20 working days of receiving the request, and they must "immediately notify" the requester of that determination. *Id.* § 552(a)(6)(A).

18. Agencies may extend their deadline for responding by up to 10 working days if unusual circumstances apply and they provide timely notice to the requester of "the date on which a determination is expected to be dispatched." *Id.* § 552(a)(6)(B).

19. A timely "determination" involves more than merely acknowledging receipt of the request and stating that the agency will produce any non-exempt records that it may later locate. *Citizens for Resp. & Ethics in Wash. v. Fed. Election Comm'n* ("*CREW*"), 711 F.3d 180, 188 (D.C. Cir. 2013); *see also Martinez v. U.S. State Dep't*, No. 3-14-1616, 2015 WL 222210, at *2 (M.D. Tenn. Jan. 14, 2015).

20. Rather, to make a valid "determination" under FOIA, an agency must at least, "(i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse." *CREW*, 711 F.3d at 188.

21. FOIA obligates the responding agency to make "reasonable efforts to search" for the requested records. 5 U.S.C. § 552(a)(3)(C). An agency bears the burden of demonstrating that "it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990).

22. While an agency may withhold documents according to exemptions specified under FOIA, such exemptions must be expressly invoked, 5 U.S.C. § 522(b), and the agency bears the burden of establishing that withheld information is exempt from release. *Id.* § 552(a)(4)(B).

23. If an agency denies, in whole or in part, a request for records under FOIA, the agency must provide any "reasonably segregable portion" of each record after deleting any portions that are exempt under the statute. *Id.* § 552(b).

## FACTUAL BACKGROUND

### SELC's FOIA Request

24. On February 13, 2023, SELC submitted a FOIA request to TVA for all records related to the Johnsonville Project in Humphreys County, Tennessee, except for records cited in the Final Environmental Assessment for the project that are easily retrievable via the internet. A true and accurate copy of the FOIA request is attached as Exhibit 1.

25. On March 15, 2023, TVA's FOIA Officer, Denise Smith, sent SELC a letter (the "Interim Response Letter") assigning the FOIA request tracking number 23-FOI-00080 and informing SELC that the scope of information requested is "extremely broad" and "general." Before TVA would begin processing the request, Ms. Smith asked SELC to provide more detailed information about the records it was seeking. A true and accurate copy of the Interim Response Letter is attached as Exhibit 2.

26. Although SELC believes that its initial request was appropriately defined, on April 4, 2023, SELC emailed Ms. Smith three specific categories of information encompassed by its request. Those categories are: (1) all records related to the TVA Board of Directors' August 2019 approval of a capital project to add 500 MW of aeroderivative combustion turbines; (2) all records related to TVA's development, adoption, and implementation of the Combustion Turbine Modernization Study; and (3) all records related to TVA's evaluation, approval, and implementation of the Johnsonville Project. For each category, SELC limited its request to records produced between January 1, 2018, and the date TVA commences its search for responsive documents. A true and accurate copy of this email is attached as Exhibit 3.

27. Ms. Smith responded by email on April 6, 2023, thanking SELC for its reply and assuring that TVA is "reviewing and will get back to you."

28. On January 5, 2024, Ms. Smith sent SELC a letter (the "Completion Letter") that purported to "complete[]" its FOIA request. In the Completion Letter, Ms. Smith stated that "TVA lodged the Administrative Record (AR) with the Middle District of Tennessee Court on August 4, 2023, on a DVD(s) and mailed to you the DVD(s) containing the AR documents that same day." According to Ms. Smith, "[t]hese documents are responsive to your FOIA request

hereunder and are now publicly available." A true and accurate copy of the Completion Letter is attached as Exhibit 4.

29. The administrative record referenced in the Completion Letter was filed in *Sierra Club v. TVA*, No. 3:22-CV-1054 (M.D. Tenn.), a case arising out of TVA's alleged failure to adequately consider the environmental impacts of the Johnsonville Project under the National Environmental Policy Act.

30. The Completion Letter is not a determination within the meaning of 5 U.S.C. § 552(a)(6)(A).

31. The Completion Letter does not assert that the *Sierra Club* administrative record contains all documents responsive to SELC's FOIA request. Rather, the Completion Letter merely states that the administrative record contains documents that are responsive to SELC's request.

32. The Completion Letter does not indicate that TVA has conducted a search for or preliminary review of any records responsive to SELC's FOIA request, other than potentially those documents produced in the *Sierra Club* administrative record.

33. The Completion Letter does not invoke any statutory exemptions under FOIA for any of the records responsive to SELC's FOIA request.

34. The Completion Letter does not indicate whether TVA intends to fulfill or deny the full scope of SELC's FOIA request as articulated on April 4, 2023.

35. The Completion Letter does not include information about SELC's right to appeal any adverse determination within the agency.

36. On January 9, 2024, SELC responded to the Completion Letter with a letter (the "January 9 Letter") informing TVA that it has not satisfied its obligations under FOIA and cannot

treat SELC's request as complete. A true and accurate copy of the January 9 Letter is attached as Exhibit 5.

37. The January 9 Letter notes that the *Sierra Club* administrative record contains no internal TVA communications, whereas SELC's FOIA request specifically seeks written, printed, recorded, or electronic communications and correspondence, among other categories of records.

38. It is implausible that TVA has no records of internal communications or correspondence that are responsive to the three categories of information sought by SELC. Accordingly, the *Sierra Club* administrative record does not contain all records responsive to SELC's request, nor does it demonstrate that TVA conducted a search reasonably expected to produce the information sought in SELC's request.

39. In the January 9 Letter, SELC also observed that TVA provided records to SELC on January 4, 2023, in response to a different FOIA request assigned tracking number 22-FOI-00093. The January 4, 2023 production includes documents discussing and approving the Johnsonville Project, including meeting minutes from TVA's Board of Directors and an approval form signed by TVA's President and CEO Jeffrey J. Lyash. These documents were dated since February 2022, within the time period specified by the FOIA request at issue in this case.

40. The Board meeting minutes and the Lyash approval form are responsive to the first and third categories of SELC's FOIA request, yet these documents are not included in the *Sierra Club* administrative record. Accordingly, the *Sierra Club* administrative record does not contain all records responsive to SELC's request, nor has TVA conducted a search reasonably expected to produce the information sought in SELC's request.

41. Further, as identified in the January 9 Letter, the Combustion Turbine Modernization Study—which is the subject of the second category of information requested by

SELC—expressly references underlying factual information and analysis to support its recommendations. For example, the Combustion Turbine Modernization Study discusses preliminary siting work that evaluated transmission, fuel, environmental, project scope, and cost considerations for numerous brownfield and greenfield options for gas generation.

42. No documents related to this preliminary siting work are included in the *Sierra Club* administrative record, even though such documents are responsive to the second category of SELC's FOIA request. Accordingly, the *Sierra Club* administrative record does not contain all records responsive to SELC's request, nor has TVA conducted a search reasonably expected to produce the information sought in SELC's request.

43. As of the date of filing, no one at TVA, including Ms. Smith, has responded to the January 9 Letter or communicated with SELC regarding its FOIA request since the Completion Letter.

### SELC's Constructive Exhaustion of Administrative Remedies

44. SELC has exhausted its administrative remedies because TVA has failed to make a "determination" on its FOIA request within the prescribed statutory period. 5 U.S.C. § 552(a)(6)(A), (C).

45. TVA has not made a determination of whether it plans to fulfill or deny the full scope of SELC's FOIA request.

46. Contrary to the requirements for making a determination, TVA has not communicated the scope of the records it intends to produce or withhold in response to SELC's FOIA request. To the extent the *Sierra Club* administrative record is responsive to SELC's request, it contains only some—not all—of the records sought by SELC.

47. Contrary to the requirements for making a determination, TVA has not invoked a FOIA exemption for any of the records responsive to SELC's FOIA request that it intends to withhold.

48. Contrary to the requirements for making a determination, TVA has not informed SELC of its right to administratively appeal any portion of the determination that is adverse.

## CLAIM FOR RELIEF

### COUNT ONE:

### Improper Withholding of Records Responsive to SELC's FOIA Request

49. SELC incorporates by reference all preceding paragraphs of this Complaint as if fully stated herein.

50. More than 20 working days have passed since the submission of SELC's FOIA request.

51. TVA has violated FOIA by failing to make a "determination" as required by 5 U.S.C. § 522(a)(6)(A) on SELC's FOIA request.

52. TVA has violated FOIA by failing to conduct a reasonable search as required by 5 U.S.C. § 552(a)(3)(C) for records responsive to SELC's FOIA request.

53. TVA has violated FOIA by failing to provide SELC with all non-exempt records responsive to its FOIA request.

54. By failing to make a determination, conduct a reasonable search, and provide all non-exempt records responsive to SELC's FOIA request, TVA has denied SELC's right to this information as provided under FOIA.

55. Unless enjoined by this Court, TVA will continue to violate SELC's legal right to be timely provided with the information requested in its FOIA request.

56. SELC is directly and adversely affected and aggrieved by TVA's failure to provide responsive records to its FOIA request, as described above.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. DECLARE that TVA has violated and is continuing to violate FOIA by failing to make a timely "determination" as required by 5 U.S.C. § 552(a)(6)(A) on SELC's request;

B. DECLARE that TVA has violated and is continuing to violate FOIA by failing to conduct an adequate search for records in response to SELC's request;

C. DECLARE that TVA has violated and is continuing to violate FOIA by failing to provide SELC with all non-exempt documents responsive to SELC's request;

D. DIRECT TVA to search for and provide all non-exempt, responsive documents to SELC without further delay;

E. RETAIN jurisdiction over this matter to rule, if necessary, on the adequacy of TVA's search for responsive documents or on assertions by TVA that any responsive documents are exempt from disclosure;

F. ORDER TVA to produce an index identifying any documents or parts thereof that it withholds and the basis for the withholdings pursuant to 5 U.S.C. § 552(a)(8) and 552(b) in the event that TVA determines that certain responsive records are exempt from disclosure;

G. AWARD SELC its reasonable attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

H. GRANT any other relief the Court deems just and proper.

Respectfully submitted this 14th day of March, 2024.

        **SOUTHERN ENVIRONMENTAL LAW CENTER**

        *s/ O. W. "Trey" Bussey*
        O. W. "Trey" Bussey
        Tennessee Bar No. 037814
        Mathieu Erramuzpe
         *Pro hac vice application forthcoming*
        Southern Environmental Law Center
        1033 Demonbreun Street, Suite 205
        Nashville, TN 37203
        Telephone: (615) 921-9470
        tbussey@selctn.org
        merramuzpe@selcga.org

        *Counsel for Plaintiff*